**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
California Bar No. 250548
Law Office of Daniel G. Shay
409 Camino Del Rio South, Ste 101B
San Diego, CA  92108
Phone: 619-222-7429
Fax: 866-431-3292
danielshay@tcpafdcpa.com

**GREENWALD DAVIDSON RADBIL PLLC**
Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 0069154
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: 561-826-5477
Fax: 561-961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN CHAVEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DeVILLE ASSET MANAGEMENT, LTD.,<br><br>Defendant. | Case No. '18CV2163 MMA WVG<br><br>CLASS ACTION<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED |

1

Class Action Complaint

# NATURE OF THE ACTION

1. This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code, § 1788 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*., § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue." *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

4. And over one-third of those complaints involve debt collectors' attempts to collect debts that consumers did not owe. *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018),

https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

5.  To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.  A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7.  Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

8.  As noted by the CFPB and the Federal Trade Commission, the validation requirement was a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

9.  The focus of this case is DeVille Asset Management, LTD.'s ("Defendant") failure to properly provide the disclosures required by 15 U.S.C. §

1692g in its initial written communications to California consumers, or within five days thereafter.

10. Upon information and belief, Defendant routinely engages in business practices that violate both the FDCPA and the Rosenthal Act by: (i) failing to disclose the current creditors for the alleged debts it seeks to collect; and (ii) demanding payment on consumer debts within the statutorily-prescribed 30-day validation period, thusly overshadowing the mandatory validation notice required by 15 U.S.C. § 1692g(a).

11. As a result of Defendant's violations of the FDCPA, and pursuant to 15 U.S.C. § 1692k, Adrian Chavez ("Plaintiff") brings this case as a class action seeking damages for himself and others similarly situated.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business in this district.

4

Class Action Complaint

# PARTIES

15. Plaintiff is a natural person who at all relevant times resided in San Diego County, California.

16. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

17. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan (the "Debt").

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Defendant is a limited partnership with principal offices located in Colleyville, Texas.

20. Defendant is an entity that at all relevant times was engaged, by use of the mails, telephone and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21. Upon information and belief, at the time Defendant was hired to collect the alleged Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or to regularly

collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Rosenthal Act, Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

24. On or about November 9, 2017, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

25. A true and correct copy of Defendant's November 9, 2017 communication to Plaintiff is attached as Exhibit A.

26. The November 9, 2017 letter to Plaintiff was Defendant's initial communication with Plaintiff.

27. Defendant did not communicate with Plaintiff within five days of its November 9, 2017 letter.

28. Defendant's November 9, 2017 letter includes a heading with a reference number, account number, account balance information, as well as a line that states: "Re: BorrowersFirst LOT1007." Ex. A.

29. The body of the November 9, 2017 letter then opens: "Please be advised that your account has been assigned to DeVille Asset Management, LTD. You have thirty (30) days to make arrangements for payment or further collection efforts will commence." *Id.*

30. The letter closes with the following disclosures:

6

Class Action Complaint

> This communication is an attempt by a debt collector to collect a debt, and any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id*.

31. Through this November 9, 2017 initial letter, Defendant violated the FDCPA—and therefore the Rosenthal Act—in two distinct ways.

32. First, Defendant failed to disclose "the name of the creditor to whom" Plaintiff's alleged Debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

33. That is, Defendant refers to a "BorrowersFirst LOT1007" while also specifying that the account in question "has been assigned to" Defendant. Ex. A.

34. Thus, it is not clear to whom the alleged Debt was owed at the time of the letter: "BorrowersFirst LOT1007," or Defendant (as assignee), or some other unlisted person or entity.

35. This is significant, because Defendant's initial communication must "make th[e] identification clearly enough that the recipient would likely understand it" for Defendant to satisfy its obligation under section 1692g(a)(2). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (affirming liability under § 1692g(a)(2) for confusing debt collection letter).

36. Plus, the confusion is worsened by Defendant's statement that the "account has been *assigned* to DeVille Asset Management, LTD." *Id.* (emphasis added).

37. It is well-settled that "an assignor may transfer some or all of its rights" in connection with an assignment. *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 723 (7th Cir. 2003).

38. As a result, Defendant's use of the word "assigned" in its November 9, 2017 letter could be read in two different ways: (1) that the (unknown) assignor assigned *all* rights to the Debt to Defendant, thus relinquishing ownership of the Debt entirely; or (2) that the (unknown) assignor assigned only certain rights to Defendant, thus retaining ownership of the Debt.

39. Since one of these interpretations is necessarily false, this compounds the confusion over which entity owned the alleged Debt as of the date of the letter. *See, e.g.*, *Smith v. Lyons, Doughty & Veldhuis, P.C.*, No. 07-5139, 2008 WL 2885887, at *7 (D.N.J. July 23, 2008) (sustaining claim that debt collection letter was deceptive because it was open to two interpretations, one of which was inaccurate); *accord Janetos*, 825 F.3d at 321-22 ("even where a consumer would recognize Asset Acceptance as having owned the debt at some time in the past (perhaps from pre-lawsuit collection efforts or the lawsuit itself), the form letter said that the 'account' had since been 'transferred' from Asset Acceptance to Fulton. Defendants do not explain how, in light of this language, an understanding of Asset Acceptance's former

8

Class Action Complaint

role would have shown its current role."); *id.* at 323 ("Here, the letters Fulton sent did not actually identify Asset Acceptance as the current creditor at all, and in fact leave the impression that Asset Acceptance may well have transferred ownership of the debts to Fulton.").

40. Second, by demanding payment within 30 days to avoid "further collection efforts," Defendant encouraged Plaintiff to not take advantage of his validation rights within that same time period, and to thereby forego important protections afforded by the FDCPA—all to Defendant's benefit and Plaintiff's detriment.

41. Defendant's November 9, 2017 letter thereby overshadowed the notice of validation rights mandated by 15 U.S.C. § 1692g(a) by informing Plaintiff that he has "thirty (30) days to make arrangements for payment or further collection efforts will commence." *Id.*

42. As the Seventh Circuit wrote in *Chauncey v. JDR Recovery Corp.*:

> Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt.

118 F.3d 516, 519 (7th Cir. 1997); *see also Swift v. Maximus, Inc.*, No. 04-216, 2004 WL 1576618, at *3-4 (E.D.N.Y. July 15, 2004) ("[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer

would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline.").

43. To make matters worse, Defendant's November 9, 2017 letter demands payment within 30 days of the date of the letter, whereas the FDCPA requires a 30-day validation period beginning with the consumer's *receipt* of the collection letter. *See* 15 U.S.C. §§ 1692g(a)(3)-(5).

44. Thus, Defendant allowed *less* time for Plaintiff to make payment on the alleged Debt than for him to seek validation of that same Debt. *Id*.

45. Upon information and belief, Defendant, as a matter of pattern and practice, routinely sends California consumers debt collection communications that fail to adequately disclose the current creditors of the alleged debts and also demand payment within the statutorily-mandated validation window and thus overshadow consumers' validation rights.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (1) with a California address, (2) to whom DeVille Asset Management, LTD. sent an initial debt collection communication not returned as undeliverable, (3) within the year preceding the date of this complaint, (4) in connection with the collection of a consumer debt, (5) that failed to identify the current creditor of the alleged debt and/or stated: "You have thirty (30) days to make arrangements for payment or further collection efforts will commence."

47. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns.

48. Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable.

49. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

50. The proposed class is ascertainable because it is defined by reference to objective criteria.

51. In addition, and upon information and belief, the names and addresses of all members of the class can be identified through business records maintained by Defendant.

52. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff has suffered the same injuries as each member of the class.

53. Like all proposed members of the class, Plaintiff received an initial written debt collection communication from Defendant that demanded payment on the debt within 30 days and failed to identify the current creditor for the debt.

54. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable.

56. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs done to them.

57. There will be little difficulty in the management of this action as a class action.

58. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

59. Among the issues of law and fact common to the class are:

    a. Defendant's failure to provide notice of the current creditors for the class members' alleged debts;

    b. Defendant's overshadowing of statutorily-mandated disclosures by demanding payment within the 30-day validation window;

    c. whether Defendant is a debt collector as defined by the FDCPA;

    d. the availability of statutory penalties; and

    e. the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)(2)**

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 59.

61. The FDCPA at 15 U.S.C. § 1692g(a)(2) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(2) the name of the creditor to whom the debt is owed

62. Defendant's November 9, 2017 letter to Plaintiff was its initial communication with Plaintiff, and Defendant did not communicate with Plaintiff within five days thereafter.

63. The November 9, 2017 letter violated 15 U.S.C. § 1692g(a)(2) by failing to specify the name of the creditor to whom Plaintiff's alleged Debt was then owed.

64. That is, without specifically delineating the current creditor for the alleged Debt, and by listing "Re: BorrowersFirst LOT1007" before stating that the Debt has been assigned to Defendant, the November 9, 2017 letter leaves the least sophisticated debtor to guess which entity, if either, was actually owed the Debt at that time.

65. Compounding this confusion, it is not clear to which right(s) Defendant is an assignee with regard to the Debt, and how such assignment affects which entity is the current creditor for the Debt.

66. As a result, Defendant violated 15 U.S.C. § 1692g(a)(2).

67. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged Debt, and failed to effectively give him statutorily-mandated disclosures to which he was entitled.

68. Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

69. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

70. The content of the November 9, 2017 initial communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

71. That is, when a consumer is not told the current creditor of his Debt, he has no way of assessing whether that Debt is, in fact, his.

14

Class Action Complaint

## COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(b)

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 59.

73. The FDCPA at 15 U.S.C. § 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

74. Defendant's November 9, 2017 letter to Plaintiff was its initial communication with Plaintiff, and Defendant did not communicate with Plaintiff within five days thereafter.

75. The November 9, 2017 letter advised Plaintiff:

> Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a

15
Class Action Complaint

copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. A.

76. However, the November 9, 2017 letter simultaneously warned: "You have thirty (30) days to make arrangements for payment or further collection efforts will commence." *Id*.

77. The effect of Defendant's warning to arrange for payment within 30 days, or else face additional collection efforts, is to cause consumers to waive, or otherwise believe they did not have, the rights specifically afforded them under § 1692g.

78. That is, when threatened with "further collection efforts" if payment is not received within 30 days, consumers are more likely to forego their validation rights under § 1692g for fear of repercussion of not meeting Defendant's 30-day deadline.

79. Defendant's statement in the November 9, 2017 letter conveys to Plaintiff that the only way to avoid "further collection efforts" is to make payment within 30 days, but, in reality, he could dispute all or a portion of the alleged Debt, or seek creditor information, during the 30-day validation window required by the FDCPA.

80. Correspondingly, the manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) was ineffective because other

Class Action Complaint

portions of Defendant's November 9, 2017 letter (*i.e.*, "You have thirty (30) days to make arrangements for payment or further collection efforts will commence") overshadowed and contradicted the notice itself.

81. As well, Defendant, through its letter, failed to explain an apparent contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

82. Defendant designed its November 9, 2017 letter to Plaintiff to evade the spirit of the FDCPA, and to lead Plaintiff to disregard his statutory rights thereunder.

83. As a result, Defendant violated 15 U.S.C. § 1692g(b).

84. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged Debt, and failed to effectively give him statutorily-mandated disclosures to which he was entitled.

85. Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

86. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti*, 691 F. App'x at 26.

17

Class Action Complaint

87. The content of the November 9, 2017 initial communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis*, 2017 WL 4005008, at *2.

88. That is, where a debt collector threatens additional action if payment is not made within the 30-day validation window, consumers are *unlikely* to invoke their validation rights under § 1692g within that same window, and thus are likely to waive or forego the very protections § 1692g is meant to provide.

## COUNT III: VIOLATION OF THE ROSENTHAL ACT, CAL. CIV. CODE § 1788.17

89. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 59.

90. The Rosenthal Act at § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

91. Defendant violated Cal. Civ. Code § 1788.17 by violating §§ 1692g(a)(2) and 1692g(b) of the FDCPA, as explained above.

92. The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal alleged Debt, and failed to effectively give him statutorily-mandated disclosures to which he was entitled.

93. Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

94. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti*, 691 F. App'x at 26.

95. The content of Defendant's November 9, 2017 initial communication created a material risk of harm to the concrete interests Congress was trying to protect in enacting the FDCPA, as explained above. *See, e.g.*, *Zirogiannis*, 2017 WL 4005008, at *2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(2), 15 U.S.C. § 1692g(b), and Cal. Civ. Code § 1788.17;

c. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.17;

d. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e. Enjoining Defendant from future violations of 15 U.S.C. § 1692g(a)(2), 15 U.S.C. § 1692g(b), and Cal. Civ. Code § 1788.17 with respect to Plaintiff and the class;

e. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff is entitled to and hereby demands a trial by jury.

Date:  September 18, 2018        LAW OFFICE OF DANIEL G. SHAY

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108

*Counsel for Plaintiff and the proposed class*

Class Action Complaint